# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 639 | **DATE** | 1/27/2004 |
| **CASE TITLE** | Conley vs. Team Info Age | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 2/19/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, plaintiffs motion for partial summary judgment on the pleadings on liability [17-1] is granted in part and denied in part. Judgment is entered against Team Info Age and Arvind Nath as to Counts I, III, V, VI, VIII, X, XI, XIII, XV, XVI, XVIII and XX. Plaintiffs' motion for judgment on the pleadings is denied as moot [13-1]. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | JAN 2 8 2004 | | |
| | Notified counsel by telephone. | | date docketed | | 24 |
| ✓ | Docketing to mail notices. | | *signature* | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| MF | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY CONLEY, JOHN CONNEELY, ERIC ENGDAHL, DENISE MEACHAM, and RANDY MEACHAM, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 03 C 0639 Judge John W. Darrah |
| TEAM INFO AGE, an Illinois corporation; MASCON INFORMATION TECHNOLOGIES, LTD.; JAY KRISHNAMURTHY; ARVIND NATH; and NANDU THONDAVADI, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed suit against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA") based on Defendants' alleged failure to pay Plaintiffs' wages, overtime, and vacation and personal days. Presently before the Court is Plaintiffs' Motion for Partial Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Kathy Conley, John Conneely, Eric Engdahl, and Denise Meacham (hereinafter "Plaintiffs") seek partial judgment against Defendants Team Info Age and Arvind Nath (hereinafter "Defendants") based on their admissions in their Amended Answer to Plaintiffs' Complaint. Accordingly, only those allegations and admissions relevant to these Defendants are discussed.[1]

---

[1] Defendants' response to the Plaintiffs' Motion for Partial Judgment on the Pleadings was due on October 30, 2003. No response was filed. On November 18, 2003, this Court extended the time for Defendants to file their response to November 25, 2003. No response was filed.

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion for summary judgment, except that the district court may only consider the contents of the pleadings. *See Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993) (*Alexander*). Accordingly, judgment on the pleadings may not be granted unless no genuine issues of material fact remain to be resolved and unless the moving party is entitled to judgment as a matter of law. *Alexander*, 994 F.2d at 336.

Conley, Conneely, Engdahl, and Meacham allege a violation of the FLSA in Counts I, VI, XI, and XVI, respectively, for failure to pay the Plaintiffs the minimum wage based on the Defendants' failure to pay Plaintiffs any wages for February 2002. The Defendants have admitted to failing to pay the Plaintiffs any wages due them for February 2002. The Defendants also admit they are an "employer" as defined within the FLSA and that the Plaintiffs are "employees" as defined by the FLSA.

The FLSA requires that employers covered by the Act pay wages at specified amounts, commonly referred to as the "minimum wage". *See* 29 U.S.C. § 206. The failure to pay any wages to an employee constitutes a violation of FLSA's requirement that employees are paid wages at the minimum wage. *See Citicorp Indus. Credit, Inc. v. Brock*, 483 U.S. 27, 33, n. 9 (1987) (*Brock*). Accordingly, the Defendants violated Section 206 of the FLSA when they failed to pay the Plaintiffs the wages due to them for February 2002, and judgment on the pleadings is granted as to Counts I, VI, XI, and XVI.

Conley, Conneely, Engdahl, and Meacham allege a violation of the FLSA in Counts II, VII, XII, and XVII, respectively, for failure to pay the Plaintiffs overtime wages based on the Defendants' failure to pay the Plaintiffs any wages for February 2002.

The FLSA requires that employers pay employees compensation for their employment more than forty hours in a workweek at a rate of not less than one and one-half times the regular rate at which they are employed. *See* 29 U.S.C. § 207(a)(1).

The Plaintiffs allege that the Defendants failed to pay them overtime for a time period beginning three years prior to their filing the present lawsuit and ending with the end of their employment with the Defendants. Defendants have denied these allegations. The Plaintiffs contend that judgment should be entered in their favor because the Defendants have admitted to failing to pay the Plaintiffs any wages for February 2002. However, the Plaintiffs have not specifically alleged that they worked overtime during the month of February 2002. As such, genuine issues of material fact remain as to whether the Plaintiffs have a right to receive overtime compensation and whether the Defendants failed to pay such compensation. Accordingly, judgment on the pleadings is denied as to Counts II, VII, XII, and XVII.

Conley, Conneely, Engdahl, and Meacham allege a violation of the IMWL in Counts III, VIII, XIII, and XVIII, respectively, for failure to pay the Plaintiffs the minimum wage based on the Defendants' failure to pay the Plaintiffs any wages for February 2002.

The IMWL requires that employers covered by the Act pay wages at specified amounts that cannot be less than the federal minimum hourly wage prescribed by 29 U.S.C. § 206(a)(1). *See* 820 ILCS § 105/4(a). The failure to pay any wages to an employee constitutes a violation of the IMWL requirement that employees are paid wages at the minimum wage. *SeeBrock*, 483 U.S. at 33, n. 9 (1987). Accordingly, the Defendants violated 820 ILCS § 105/4(a) when they failed to pay the Plaintiffs the wages due to them for February 2002; and judgment on the pleadings is granted as to Counts III, VIII, XIII, and XVIII.

Conley, Conncely, Engdahl, and Meacham allege a violation of the IMWL in Counts IV, IX, XIV, and XIX, respectively, for failure to pay the Plaintiffs overtime wages based on the Defendants' failure to pay the Plaintiffs any wages for February 2002.

The IMWL requires that employers pay employees compensation for their employment more than forty hours in a workweek at a rate of not less than one and one-half times the regular rate at which they are employed. *See* 820 ILCS § 105/4a(1). As stated above, genuine issues of material fact remain as to whether the Plaintiffs have a right to receive overtime compensation and whether the Defendants failed to pay such compensation. Accordingly, judgment on the pleadings is denied as to Counts IV, IX, XIV, and XIX.

Conley, Conncely, Engdahl, and Meacham allege a violation of the IWPCA in Counts V, X, XV, and XX, respectively, for the failure to pay the Plaintiffs their wages for February 2002 and the failure to pay the Plaintiffs their vacation and personal days as part of their "final compensation" following the cessation of their employment with the Defendants.

The IWPCA requires that every employer shall pay the final compensation due to a separated employee at the time of separation, if possible, but in no case later than the next regularly scheduled payday for that employee. 820 ILCS § 115/5. In addition, if the employment provides for paid vacations and an employee is separated from employment without having taken all vacation time, the monetary equivalent of all earned vacation shall be paid to the employee as part of his or her final compensation. 820 ILCS § 115/5.

Defendants admit to failing to pay the Plaintiffs their wages for the month of February 2002 and any final compensation due the Plaintiffs. Accordingly, the Defendants have violated 820 ILCS § 115/5; and judgment on the pleadings is granted as to Counts V, X, XV, and XX.

For the foregoing reasons, the Plaintiffs' Motion for Partial Judgment on the Pleadings is granted in part and denied in part. Judgment is entered against Team Info Age and Arvind Nath as to Counts I, III, V, VI, VIII, X, XI, XIII, XV, XVI, XVIII, and XX.

Dated: January 27, 2004

JOHN W. DARRAH
United States District Judge

5